IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DUANE J. SHAW JR. #619278 | § | |
| | § | |
| V. | § | A-18-CA-776-LY |
| | § | |
| DAVID GUTIERREZ, FREDERICO | § | |
| RANGEL, MICHELLE SKYRME, | § | |
| and ED ROBERTSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hughes Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff contends the Parole Board's retroactive application of new laws violates the Ex Post Facto Clause of the Constitution. Plaintiff complains his parole review in 2016 was made by the full Parole Board pursuant to Senate Bill 45, which was not in effect at the time he committed his offenses.[1] Plaintiff also complains his next parole review was set off for ten years. Plaintiff

---

[1] Plaintiff is serving three life sentences and one 99-year sentence. Plaintiff was convicted of attempted capital murder with a deadly weapon, aggravated assault with a deadly weapon, aggravated robbery with a deadly weapon and aggravated kidnapping. All of his offenses were committed in 1991, and he was first eligible for parole in 2006.

contends the ten-year set-off extends the time in which he is reviewed for parole, while at the time his offenses were committed, the law provided for annual parole reviews.

Plaintiff originally named as defendants David Gutierrez, Frederico Rangel, Michelle Skyrme. He was subsequently granted permission to add defendant Ed Robertson. He requests the Court order that he be reviewed for parole under the laws in effect at the time of his arrest in 1991.

DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Ex Post Facto Prohibition

A statute violates the Ex Post Facto Clause only if it retroactively "effects [a] change in the definition of [plaintiff's] crime" or "increases the 'punishment' attached to [plaintiff's] crime." Wallace v. Quarterman, 516 F.3d 351, 354 (5th Cir. 2008) (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995)). Since Plaintiff challenges changes in statutory provisions governing

2

parole guidelines, only the latter analysis applies in his case. See Wallace, 516 F.3d at 354, 356 (interpreting statute amending parole procedure).

        1.    *Extraordinary Vote*

Plaintiff contends the defendants violated the Ex Post Facto clause when they applied the current provisions of section 508.046 of the Texas Government Code to his parole review. Section 508.046 requires an "extraordinary vote" (two thirds of the seven-member Board) to parole a person convicted of certain serious offenses. Plaintiff states in 1991, at the time he committed his offenses, the Texas Government Code required only a simple majority of a three-member panel.

The Court of Appeals for the Fifth Circuit has already held the amendments enlarging the size of parole panels do not "facially violate the Ex Post Facto Clause [because they] affect the discretionary procedure for determining suitability rather than eligibility for parole." Kyles v. Quarterman, 291 Fed. Appx. 612, 613 (5th Cir. 2008) (citing Wallace v. Quarterman, 516 F.3d 351, 354-56 (5th Cir. 2008)). However, the Fifth Circuit noted application of the new procedure may nonetheless present an as-applied ex post facto problem if the prisoner can demonstrate the change created a significant risk of increased confinement in his case. Wallace, 516 F.3d at 356.

Here, as in Wallace and Kyles, Plaintiff does not reference any evidence indicating that retroactive application of section 508.046 will result in a longer period of incarceration for him. Plaintiff has not shown that a randomly selected three-member panel would have resulted in two votes in favor of parole.

        2.    *Ten-Year Set-Off*

Plaintiff contends the defendants violated the Ex Post Facto clause when they set off his next parole review for ten years. For inmates serving sentences for aggravated sexual assault and life

sentences for a capital felony, set-offs are required to be at least one year long but can now be up to ten years long. See TEX. GOV'T CODE § 508.141(g–1).

The change to Texas parole laws that potentially lengthens the period between parole reconsideration hearings does not violate the Ex Post Facto Clause. The Court in Garner analyzed a change to Georgia's parole rules, lengthening the period between parole reconsideration hearings from three years to eight years. Garner v. Jones, 529 U.S. 244, 250-57 (2000). The Garner Court found no facial invalidity in the Georgia rule amendment. It stressed two factors: (1) the parole board retained discretion as to how frequently to set an inmate's date for reconsideration, and (2) the statute permitted expedited parole reviews to consider a change in circumstances or new information. Id. at 254. The Court concluded that increases in the minimum number of years in which parole decisions must be reconsidered from three to eight do not violate the ex post facto prohibition, where they do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. Id. at 250-57; see also California Dep't of Corr. v. Morales, 514 U.S. 499, 500 (1995) (noting change in California law regarding frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment").

Similar to the parole laws challenged in Garner, the amendments to section 508.141(g) of the Texas Government Code do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. The amendments also do not modify or substantially alter Plaintiff's quantum of punishment. In addition, the Board retains discretion as to how frequently to set an inmate's date for reconsideration. Thus, the altered policy allowing for up to a ten-year set-off creates only the most speculative and attenuated risk of increasing the measure of Plaintiff's punishment. Accordingly, the change in policy does not result in an ex post

4

facto violation. See Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. 2009) (holding change in law allowing for five-year set-off presented no ex post facto violation).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 30th day of November, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE